IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUCE A. RYALS, § | |
| TDCJ #1483378, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-1741 |
| § | |
| LLOYD J. ASCHBERGER, *et al.*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND ORDER

The plaintiff, Bruce Arland Ryals (TDCJ #1483378, former TDCJ #832602), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Ryals has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Ryals appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Ryals is presently incarcerated at the Wynne Unit in Huntsville, Texas. He sues Lloyd J. Aschberger, who is employed by TDCJ as a physician's assistant at the Wynne Unit facility. Ryals complains that, on December 23, 2008, Aschberger mistreated him when he "threw his hands in [Ryals's] face" and yelled at him "for no reason." According to Ryals, Aschberger "punched at his face" during the encounter. Aschberger reportedly "pulled his punch" without striking Ryals, who was in the clinic for unspecified reasons. Ryals alleges,

nevertheless, that Aschberger has mistreated other inmates in a similar manner and should not have a license to provided medical care.

Ryals alleges that Aschberger violated his civil rights under 42 U.S.C. § 1983. Ryals appears to complain that Aschberger mistreated him by providing inadequate medical care. Ryals complains further that, when he requested medical records or reports from prison officials regarding Aschberger's mistreatment of other inmates, his request was refused by Law Library Supervisor Robert Quada and Wynne Unit Warden Tony O'Hare. Ryals seeks unspecified relief for these violations of his civil rights. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

This case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis* or IFP. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall

on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se*

is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    DISCUSSION

### A.    Denial of Adequate Medical Care

As noted above, Ryals complains that Aschberger attempted to strike him in the face at the Wynne Unit infirmary. In support of his complaint, Ryals attaches a letter that he wrote to the Wynne Unit Medical Director regarding the incident. Ryals also attaches a letter that he wrote to the "Texas Board of Doctors Examiners," which includes additional details. According to this correspondence, Ryals alleges that Aschberger "stood in front of the doorway" of the Wynne Unit infirmary and refused to let Ryals leave. Aschberger insisted on examining Ryals, but became irate, "threw his hands" in Ryals's face, and yelled at him for no reason. Asserting that Aschberger attempted to punch him in the face, Ryals complains that Aschberger's belligerent attitude violated his "medical oath" and that his privilege to work in the "medical field" should be revoked.

Liberally construed, Ryals contends that Aschberger denied him adequate medical care by yelling at him and attempting to punch him at the Wynne Unit clinic. Ryals's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a civil rights plaintiff must demonstrate: (1) a violation of the Constitution or of federal law; and (2) that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted).

In this instance, Ryals must demonstrate that Aschberger denied him adequate medical care in violation of the Eighth Amendment to the United States Constitution. "Although the Eighth Amendment 'does not, by its precise words, mandate a certain level of medical care for prisoners[,]' the Supreme Court has interpreted it as imposing a duty on prison officials to 'ensure that inmates receive adequate . . . medical care.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter*, 467 F.3d at 463 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Eighth Amendment deliberate-indifference standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for

5

harm existed.  *See id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  The Fifth Circuit has stated that the deliberate-indifference standard is an "extremely high" one to meet.  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id*. (citations omitted).  A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citations omitted).

Ryals's allegations fall short of the deliberate-indifference standard that is necessary to state a claim under the Eighth Amendment.  Ryals does not allege that he was refused care with wanton disregard for a serious medical condition.  Rather, according to the complaint and the attached correspondence, Ryals's primary claim concerns Aschberger's hostile demeanor and his unprofessional attitude.  Because of Aschberger's lack of professionalism,

6

Ryals argues that Aschberger's privilege to practice medicine as a licensed physician's assistant should be revoked.[1]

Ryals fails to state a claim for monetary damages because he does not allege mistreatment that resulted in an actual injury. *See* 42 U.S.C. § 1997e(e) (precluding a civil action by a "prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (noting that 42 U.S.C. § 1997e(e) requires physical injury before a prisoner can recover for psychological damages). Likewise, to the extent that Ryals seeks declaratory or injunctive relief, his allegation of mistreatment fails to state a claim under 42 U.S.C. § 1983 because, even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not deliberate indifference. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)); *see also Gobert*, 463 F.3d at 347 (Allegations of negligence or medical malpractice "do not constitute deliberate indifference[.]"). Thus, allegations of negligence and medical malpractice will not suffice to demonstrate an Eighth Amendment claim. *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *see also Stewart*, 174 F.3d at 534 ("[A]lthough inadequate medical treatment

---

[1] To the extent that Ryals seeks the revocation of Aschberger's license to provide medical care as a physician's assistant, he acknowledges in his pleadings that such administrative matters are regulated by a state agency. Ryals fails to show that 42 U.S.C. § 1983 is a viable legal vehicle to seek an order by a state agency to revoke a medical license of the type at issue or that this Court otherwise has jurisdiction over such a claim.

may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").

Ryals's allegations of mistreatment and professional misconduct, which may amount to negligence or malpractice, are insufficient to establish that he was treated with deliberate indifference and do not state a violation of the Eighth Amendment. Accordingly, based on its review of the complaint and the exhibits, the Court concludes that Ryals fails to state a claim for which relief may be granted under 42 U.S.C. § 1983.

### B.     Remaining Defendants

Ryals also sues Warden O'Hare and Law Library Supervisor Quada. Ryals contends that these defendants refused to provide him with records and grievances against Aschberger filed by other inmates. As an exhibit to the complaint, Ryals provides a "lay-in" pass on which he indicates that Quada refused to provide the requested records without a court order. Ryals apparently requested these records to supplement his claim that Aschberger is unfit for employment as a licensed physician's assistant.

Liberally construed, Ryals claims that O'Hare and Quada refused to provide him with records in violation of his right of access to courts. In that respect, prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting cases that demonstrate the "unsettled . . . basis of the constitutional right of access to courts"). A prisoner's right of access to courts is not unlimited, however. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing

8

*Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351). In that regard, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. Instead, they are merely guaranteed "the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*. Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

For reasons outlined above, Ryals has failed to establish a valid civil rights claim against Aschberger under 42 U.S.C. § 1983. Ryals does not otherwise show that he was entitled to records or grievances involving other inmates and he does not establish that the defendants had a duty to disclose them. Because he fails to establish a violation of his right of access to the courts in connection with a valid claim, Ryals does not demonstrate the requisite injury for purposes of stating a constitutional violation. Absent a showing that any of the defendants violated his constitutional rights for purposes of 42 U.S.C. § 1983, Ryals's complaint must be dismissed for failure to state a claim upon which relief can be granted.

**IV.  CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Bruce A. Ryals (TDCJ #1483378) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on June 18th, 2009.

_____
Nancy F. Atlas
United States District Judge